UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60395-CIV-SINGHAL

DERECKTOR FLORIDA, INC.,

    Plaintiff,

v.

*Motor Yacht ANODYNE*, INACE NB 575,
DRK00228L717, Cayman Islands No: 742459,
*in rem*, and
*M.V. ANODYNE, LLC*, as owner of the vessel,
*in personam*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant M.V. Anodyne, LLC's ("Defendant") Motion to Dismiss the Amended Complaint Pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion to Dismiss") (DE [19]), filed on May 13, 2024. Plaintiff Derecktor Florida, Inc. ("Plaintiff") filed its Opposition to Defendant's Motion to Dismiss (the "Opposition") (DE [23]) on May 28, 2024. In rebuttal, Defendant filed its Reply to Plaintiff's Response in Opposition to the Motion to Dismiss the Amended Complaint Pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (DE [24]) on June 4, 2024. Thus, this Motion is ripe for adjudication. All appropriate materials have been reviewed, and the Court is advised in the premises.

## LEGAL STANDARD

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8's pleading

standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Rather, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Authority*, 566 U.S. 449 (2012).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). The court must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). But "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1262 (11th Cir. 2004) (citation omitted); *see also Iqbal*, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Dismissal of a complaint is also warranted in situations where "it is plain that the plaintiff can prove no set of facts that would support the claims in the complaint." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

When challenging standing under Rule 12(b)(1), Parties can make either a "facial or factual attack" on subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial attacks challenge whether plaintiffs have "sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [their] complaint[s] are taken as true for the purposes of the motion." *Id*. at 1529. In contrast, factual attacks challenge "the existence of subject matter jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered." *Id.* In adjudicating a factual attack, the court "needn't accept the plaintiff's facts as true; rather the district court [can] independently weigh facts and make the necessary findings." *Gardner v. Mutz*, 962 F.3d 1329, 1340 (11th Cir. 2020). On a factual attack, the Court "is not constrained to view [allegations] in the light most favorable to the plaintiff." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1336 (11th Cir. 2013).

## DISCUSSION

By way of its Motion to Dismiss, Defendant presents a straightforward argument: that Plaintiff has failed to properly allege jurisdiction, neither on diversity nor admiralty grounds, and so the matter should be dismissed. (DE [19] at ¶ 4). Defendant also argues that Plaintiff fails to state viable claims—honing in on Counts II, III, V, VI, and VII of Plaintiff's Amended Verified Complaint, in particular. But the Court's focus will remain on the jurisdiction question, since it presents a threshold obstacle for Plaintiff's Complaint.

Defendant argues Plaintiff has not established admiralty jurisdiction, as Plaintiff's action arises from a Vessel Construction Agreement and "contracts to build or construct a vessel are not a basis for admiralty jurisdiction." *Id.* at ¶ 7. In response, Plaintiff notes that Anodyne "became a vessel in 2010 . . . was towed to Plaintiff's shipyard on its own

hull and bottom . . ., used Plaintiff's docks . . ., and was placed on a dry dock in an enclosed premium facility for extensive repairs." (DE [23] at p. 5). Here, Plaintiff stresses that Anodyne was not "completely disassembled," and that "its skeleton was merely extended and that its superstructure was rebuilt around the extended skeleton . . ." *Id.* at p. 5-6. But Plaintiffs have nonetheless not shown that the contract was "wholly maritime in nature." *Inbesa Am., Inc. v. M/V Anglia*, 134 F.3d 1035, 1036 (11th Cir. 1998). Thus, Plaintiff has not adequately alleged that admiralty jurisdiction applies here.

As for diversity jurisdiction, Defendant argues that Plaintiff "has failed to show the parties are indeed diverse." (DE [19] at ¶ 9). In particular, Defendant takes aim at Plaintiff's failure to "allege the citizenship of the members of [M.V. Anodyne LLC]," which is necessary to establish diversity jurisdiction. *Id.* at ¶ 10. Plaintiff seems to recognize this defect, as it does not provide a rebuttal. Rather, Plaintiff wastes no time clarifying M.V. Anodyne LLC's sole member's citizenship and requests leave to amend its pleadings. (DE [23] at p. 6). There is no genuine dispute that Plaintiff has not alleged diversity jurisdiction in the Complaint.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss (DE [19]) is **GRANTED in part and DENIED in part.** Plaintiffs shall file a Second Amended Verified Complaint by **February 3, 2025**.

2. Defendant's Motion to Strike the Verified Amended Complaint (DE [39]) is **DENIED as moot.**

3. Plaintiff's Motion for Leave to Amend First Amended Verified Complaint (DE [40]) is **DENIED as moot.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 24th day of January 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel of record via CM/ECF