IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 24-CV-60395 AHS/JMS

DERECKTOR FLORIDA, INC.

    Plaintiff,

v.

M.V. ANODYNE, LLC, a Nevada Corporation,

    Defendant.
_____/

### SECOND AMENDED VERIFIED COMPLAINT[1]

Plaintiff Derecktor Florida, Inc. ("Derecktor") files this Second Amended Verified Complaint against Defendant M.V. Anodyne, LLC (the "Owner"), whose member and beneficial owner is Charles E. Scripps, Jr., and states:

### NATURE OF THE CASE

1. This action arises from the Owner's failure to pay past due rent and necessaries, which date back to June 2022.

2. The Owner purchased the *Anodyne* (the "Vessel") in early 2014. The Vessel is a large motor yacht. After several voyages, Scripps caused the Owner to take the Vessel to Rolly Marine, a yacht repair facility in Fort Lauderdale, Florida, to undergo extensive repairs.

---

[1] In compliance with the Court's January 27, 2025, order, Derecktor includes a declaration. This action contains no maritime claims.

3.      In November 2015, After commencing the repair work at Rolly Marine, the Owner moved the Vessel to Derecktor to house the repair project in its fully enclosed premier work facility.

4.      The Owner worked to complete the project in Derecktor's facility for nearly four years. Then, abruptly in August 2019, the Owner to shut the project down. Since then, the Owner has left the Vessel in Derecktor's workspace and has made no attempt to complete the Vessel repair.

5.      In March 2024, Derecktor terminated the contract due to the Owner's default for nonpayment.

6.      The Owner has burdened Derecktor with housing and providing necessaries for the Vessel without due compensation—*for years*.

7.      Despite demands that the Owner remove the Vessel, it has refused to do so.

8.      The Owner's actions and inactions have caused damage to Derecktor.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of Nevada and Montana on the one hand, and Florida on the other.

10.     M.V. Anodyne is subject to personal jurisdiction in that (1) its registered agent's address is in Tallahassee, Florida; (2) it engages in substantial business within the Southern District of Florida in Broward County, Florida; (3) it owns the Vessel at issue, which is also located in Broward County, Florida; (4) this action arises out of the Owner's contacts with Broward County, Florida, including the contract at issue in this action; and (5) it has availed itself of the privileges of this jurisdiction in a number of other enumerated ways, namely bringing actions against others

in Broward County, Florida, based on transactions and occurrences concerning the Owner's failed Vessel repair project.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the claims and causes of action accrued within the Southern District of Florida in Broward County, Florida, where the events giving rise to the claims occurred, including the contract at issue and where the Vessel subject to this action is located and the parties agreed that disputes shall be resolved in the courts of competent jurisdiction located in Broward County, Florida.

## PARTIES

12.     At all material times hereto, Plaintiff Derecktor Florida, Inc., is a Florida corporation formed and existing under the laws of the State of Florida, with its principal place of business located at 775 Taylor Lane, Dania Beach, FL 33004.

13.     At all material times hereto, Defendant, M.V. Anodyne, LLC, is a Limited Liability Company, formed and existing under the laws of the State of Nevada, with a principal place of business located in the State of Kentucky.

14.     Upon information and belief, the sole member of M.V. Anodyne, LLC, is Charles E. Scripps, Jr., a citizen of the State of Montana.

15.     Upon information and belief, M.V. Anodyne, LLC, has no members who are citizens of the State of Florida.

## FACTUAL BACKGROUND

16.     In 2014, Scripps caused the Owner to purchase the M.V. Anodyne.

17.     The Owner then began to conduct substantial and significant repairs to the Vessel at Rolly Marine.

18. After a year at Rolly Marine, the Owner contacted Derecktor and negotiated a contract for Derecktor to host the repair/refit project in one of its fully enclosed premier workspaces.

19. On October 19, 2015, Derecktor and the Owner entered into a Vessel Construction Agreement (the VCA"). A copy of the VCA is attached hereto as "Exhibit A".[2]

20. The VCA expressly incorporated Derecktor's Dockage and Yard Agreement (the "DYA"). VCA at PDF 30.

21. In the VCA, the parties agreed that the "monthly rent for storage facility for the Vessel shall be charged at the rate of $10,000.00 per month." VCA at PDF 9 § 7.2.

22. The VCA "Owner Default" provision provides, "Owner [M.V. Anodyne, LLC] shall be deemed to be in default upon the occurrence of any of the following events: (1) failure by Owner to pay any amount due or part thereof to Builder under the terms of the Agreement." VCA at PDF 13 § 11.1.

23. The provision also provides that "Owner shall have fifteen (15) days following receipt of written notice from Builder thereof in which to cure any default." VCA at PDF 13 § 11.2.

24. The section concludes that, "[i]n the event Owner fails to cure an event of Owner default within the applicable cure period provided above, Builder [Derecktor] shall be entitled to terminate this Agreement, provided that Builder's right to execute this option is not disputed by Owner and/or is the subject to Section 12." VCA at PDF 13§ 11.3.

---

[2] Because the VCA contains numerous attachments, for ease of reference, particular provisions found within the VCA will be cited first by the PDF page number of Exhibit A, which in total has 37 pages. This is not necessarily the page number appearing within the document.

25. The DYA "Termination" provision provides, "The Contractor [Derecktor] shall be entitled to terminate the Contract by notice in writing in the event the Owner is in breach of any material provision of this Contract and fails to remedy such breach within thirty (30) days written notice by the Contractor." VCA at PDF 32 ¶ 42(a), (d).

26. After entering the VCA, the Owner moved the Vessel from Rolly Marine to Derecktor. The Vessel was then hauled out of the water and placed inside the enclosed workspace of the East interior bay of the North Building of Derecktor's property, located at 775 Taylor Lane, Dania Beach, FL 33004.

27. Once the Vessel was inside the workspace, the Owner commenced its repair and refitting work to the Vessel. The Owner paid its monthly storage and necessaries fees during the repairs.

28. Then, on August 13, 2019, the Owner abruptly notified Derecktor that it was immediately shutting down its Vessel repair project. At the time the project was terminated, the Vessel was missing major mechanical systems, such as engines, shafts, propellers, navigation equipment and generators, among others.

29. From August 13, 2019, through June 14, 2020, the Owner continued to pay storage fees and other necessaries at the rate set forth in the original Agreement.

30. On July 1, 2020, the parties entered into the First Amendment to the Vessel Construction Agreement (the "Amendment"), which solely amended and deleted the terms and conditions for renting Derecktor's fully enclose premier workspace. *See* Commercial Lease Agreement and First Amend. to VCA ("Am. VCA"), a copy of which is attached hereto as "Exhibit B". The Am. VCA deleted the terms "monthly rent for storage facility for the Vessel shall be charged at the rate of $10,000 per month." *Id.*

31. The Am. VCA also included a "Commercial Lease" agreement (the "Lease"). *Id.* The Lease specifies that "Derecktor Florida, Inc. and M.V. Anodyne, LLC have amended their Vessel Construction Agreement only with respect to the lease/storage of the M/Y 'Anodyne' beginning on July 1, 2020" and otherwise "ratified and declared" all other aspects of the VCA and DYA "to be in full force and effect." *See id.*

32. Under the Lease, the parties agreed that "[t]he initial term of this Lease shall be for three (3) months" and that M.V. Anodyne, LLC "can renew this Lease for an additional three (3) month terms until either party terminates this Lease in accordance with Paragraph 14" of the Lease. The parties also agreed that rent would be "in the amount of forty-five thousand dollars ($45,000), in advance of the first day of each lease term." *Id*. The Owner paid the rents and necessaries at the new rate without objection for nearly two years.

33. The Lease was for a short term because Derecktor understood that Owner would be removing the Vessel from Derecktor's facility.

34. After June 2022, the Owner breached the lease and stopped paying monies owed under the terms of the lease.

35. On August 23, 2022, Derecktor provided a ninety (90) day Notice to the Owner, notifying that "[i]t has become necessary to increase the rental amounts" and that "[t]he increase in rent will be $40,000 and the new rental amount will be $55,000 per month" beginning on December 1, 2022. *See* 90-Day Notice, attached as "Exhibit C".

36. The Owner failed to make any payments for the months of December 2022 through May of 2023.

37. On July 21, 2023, the Owner paid invoice number 3006, in the amount of $182,160.00, for rents and fees for the three-month period of June, July, and August 2023. *See*

Invoice 3006 Payment, a copy of which is attached hereto as "Exhibit D". Even with the May 31, 2023, payment, the amounts the Owner owed to Derecktor were significant and continued to increase with each passing month due to nonpayment.

38. Then, on January 31, 2024, with the past due amounts reaching $743,620.66 and with the Vessel remaining on Derecktor's property without activity for nearly five years, Derecktor provided the Owner with a thirty (30) day Notice of Termination for Non-Payment via certified mail. *See* Notice of Termination, a copy of which is attached hereto as "Exhibit E".

39. Derecktor's notice informed the Owner that the basis for the notice was its default for past-due rents and necessaries and included itemized invoices for all past due amounts. *See id.* The Notice also advised the Owner that Derecktor would terminate the Lease and would "take immediate action to pursue the recovery of all past due amounts and for the disposition of the Vessel…at cost to the Owner." *See id.*

40. The Owner failed to respond to Derecktor's written Notice and has not communicated any intent to become current on the past due amounts or to remove the Vessel from Derecktor's premises.

41. The amounts owed continue to increase with each passing month that the Owner fails to pay rent and fails to remove the Vessel.

42. To date, the ongoing harms continue.

43. Derecktor has been damaged as a result of the Owner's actions.

## COUNT I
## BREACH OF CONTRACT

### (Amended VCA)

44. Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

45. On or about July 1, 2020, the parties entered the Amended VCA.

46.     Under the terms of the Amended VCA, the Owner was required to pay Derecktor $15,000 per month, in 3-month upfront installments.

47.     On August 23, 2022, Derecktor provided the Owner with a 90-Day notice of its intent to raise the rent amounts to $55,000 per month to be paid in 3-month upfront installments on August 23, 2022.

48.     On or about December 1, 2022, the Owner breached the Amended VCA by failing to pay the required rent.

49.     As of November 30, 2022, the Owner owed Derecktor $5,276.75.

50.     Derecktor has been damaged as a result of the Owners breach of the Amended VCA.

51.     The Amended VCA provides that if any dispute arises between the parties, the prevailing party will be entitled to an award of reasonable attorneys' fees, costs.

52.     Derecktor has retained the services of counsel to represent it in these proceedings and agreed to pay a reasonable fee for their services.

WHEREFORE, Derecktor demands judgment against Anodyne at least $5,276.75, together with prejudgment interest, an award of attorneys' fees and costs, and any further relief that the Court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT

### (90-Day Notice)

53.     Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

54.     The Owner received notice that Derecktor was increasing rent for use of its facilities beginning on December 1, 2022.

55. The Owner accepted these terms and paid invoice number 3006 on May 31, 2023, in the amount of $182,160.00 for the three-month period of June, July, and August 2023 without objection.

56. The Owner has otherwise remained delinquent on past-due payments.

57. The Owner materially breached the terms of the 90-Day Notice by defaulting on payments for rents and necessaries.

58. As a result of the Owner's breach of the terms of the 90-Day Notice, Derecktor has suffered damages and as of February 3, 2025, owes Derecktor $1,530,734.47 in payments owed under the terms of the 90-Day Notice.

WHEREFORE, Derecktor demands judgment against Anodyne in the amount of $1,530,734.47, together with prejudgment interest, an award of attorneys' fees and costs, and any further relief that the Court deems just and appropriate.

## COUNT III
## USE AND OCCUPATION

### Florida Statute § 83.07 – From December 1, 2022

59. Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

60. Derecktor terminated the Lease on December 1, 2022, after providing the Owner with written notice of default.

61. Beginning on December 1, 2022, Owner has continued to use occupy Derecktor's valuable enclosed facility without any agreement or demise by deed.

62. Owner has failed to pay Derecktor for its occupancy of Derecktor's premises.

63. The reasonable value of the premises occupied by Owner is $55,000 per month.

WHEREFORE, Derecktor demands judgment against Anodyne in the amount of $1,530,734.47, together with prejudgment interest, an award of attorneys' fees and costs, and any

9

further relief that the Court deems just and appropriate.

## COUNT IV
## USE AND OCCUPATION

### Florida Statute § 83.07 – From March 1, 2024

64. Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

65. Derecktor terminated the Lease on March 1, 2024.

66. Beginning on March 1, 2024, Owner continued to use occupy Derecktor's valuable enclosed facility without any agreement or demise by deed.

67. Owner has failed to pay Derecktor for its occupancy of Derecktor's premises.

68. The reasonable value of the premises occupied by Owner is $55,000 per month.

WHEREFORE, Derecktor demands judgment against Anodyne in the amount of $605,000.00 in rent, plus fees, together with prejudgment interest, an award of attorneys' fees and costs, and any further relief that the Court deems just and appropriate.

## COUNT V
## UNJUST ENRICHMENT

69. Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

70. The Owner has purposefully availed itself of the benefits of dry-dockage, storage, and necessaries to its Vessel, including a fully-enclosed secured facility on Derecktor's property without remittance of payment.

71. The Owner has voluntarily accepted and retained the benefits Derecktor has conferred on it.

72. The Owner is aware that Derecktor expected to be paid for the benefit conferred and is aware that costs for rents, fees, and necessaries would be required if the Vessel was stored in a similar manner at another facility.

73. The Owner's retention of the benefits Derecktor has conferred is wrongful because they were obtained without payment for such services.

74. Derecktor has been damaged by the Owner's acts in wrongful use of the benefits Derecktor has provided to the Vessel in the amount of $1,530,734.47.

75. The Owner has been unjustly enriched by the retention of these benefits by way of dry-dockage, storage, and necessaries, the fees for which continue to accrue with each passing month.

76. To allow the Owner to retain the amounts it owes Derecktor for necessaries violates the fundamental principles of justice, fairness, equity, and good conscience.

77. In these circumstances, the wrongful retention of benefits conferred on the Owner by way of dry-dockage, storage, and necessaries in good faith and in reliance of payment for such benefits is not equitable unless the Owner pays Derecktor for the value of conferred upon Owner.

WHEREFORE, Derecktor demands judgment against Anodyne in the amount of $1,530,734.47, together with prejudgment interest, an award of attorneys' fees and costs, and any further relief that the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

78. Derecktor demands a trial by jury on all causes of action so triable.

Dated: February 3, 2025                    Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By: *Corey P. Gray*
    STUART H. SINGER, ESQ.
    (Florida Bar No. 377325)
    MARSHAL DORE LOUIS, ESQ.
    (Florida Bar No. 512680)
    LTC COREY P. GRAY, ESQ.
    (Florida Bar No. 0115473)
    401 East Las Olas Blvd., Suite 1200

        Fort Lauderdale, Florida 33301
        Telephone: (954) 356-0011
        Facsimile: (954) 356-0022
        ssinger@bsfllp.com
        mlouis@bsfllpcom
        cgray@bsfllp.com
        ftleserve@bsfllp.com

*Counsel for Plaintiff Derecktor Florida, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 24-CV-60395 AHS/JMS

DERECKTOR FLORIDA, INC.,

    Plaintiff,

v.

M.V. ANODYNE, LLC, a Nevada Corporation,

    Defendant.
_____/

## DECLARATION OF CHERYL ARNOTT

I, Cheryl Arnott, under penalty of perjury, hereby declare:

1. I am the Director of Project Management of DERECKTOR FLORIDA, INC., the Plaintiff herein.

2. I submit this Declaration in support of Derecktor's Second Amended Verified Complaint.

3. I have read the foregoing Second Amended Verified Complaint and know the contents thereof, and the same is true to the best of my own knowledge upon information and belief.

Executed on February 3, 2025

Respectfully submitted,

By: *Cheryl Arnott*
Cheryl Arnott