IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-60395-CIV-SINGHAL/STRAUSS

_____

DERECKTOR FLORIDA, INC.,

    Plaintiff/Counter-Defendant,

v.

M.V. ANODYNE, LLC,

    Defendant/Counter-Plaintiff.
_____/

**COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS COUNTER CLAIM AND MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES WITH <u>INCORPORATED MEMORANDUM OF LAW</u>**

Stuart H. Singer, Esq.
(Florida Bar No. 377325)
LTC Corey P. Gray, Esq.
(Florida Bar No. 0115473)
Sara L. Murray, Esq.
(Florida Bar No. 1049687)
**BOIES SCHILLER FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile:  (954) 356-0022
ssinger@bsfllp.com
cgray@bsfllp.com
smurray@bsfllp.com
ftleserve@bsfllp.com

*Counsel for Derecktor-Gunnell, Inc.*

Marshall Dore Louis, Esq.
(Florida Bar No. 512680)
**BOIES SCHILLER FLEXNER LLP**
Bank of America Tower
100 Southeast 2nd Street, Suite 2800
Miami, Florida  33131
Telephone: (305) 539-8400
Facsimile:  (305) 539-1307
mlouis@bsfllp.com

*Counsel for Derecktor-Gunnell, Inc.*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .....................................................................................................................1

FACTUAL ALLEGATIONS ....................................................................................................2

LEGAL STANDARD ................................................................................................................4

    I.    Rule 12(b)(6) Motion to Dismiss ............................................................................4

    II.    Rule 12(f) Motion to Strike .....................................................................................5

ARGUMENT .............................................................................................................................6

    I.    Anodyne's Fraud Counterclaim Fails To Meet The Heightened Pleading Standard of Federal Rule of Civil Procedure 9(b) ................................................... 6

        A.    Anodyne Has Not Pled Its Fraud Counterclaim With Any Particularity.... 6

        B.    Anodyne's Fraud Claim Fails Because It Cannot Establish That It Justifiably Relised On Derecktor ................................................................. 8

        C.    Anodyne Has Not Established Any Element of Its Common Law Fraud Counterclaim ................................................................................... 10

    II.    Three of Anodyne's Affirmative Defenses Fail and Should Be Stricken............. 11

        A.    Anodyne's First Affirmative Defense—Compulsory Counterclaim—Fails Because Derecktor's Claims Arise From Separate Transactions That Do Not Involve The Issues In Anodyne's State Court Lawsuit ....... 11

        B.    Anodyne's Second Affirmative Defense--Laches—Is Fails On Its Face Because The Statute of Limitations Has Not Lapsed ........................ 12

        C.    Anodyne's Third Affirmative Defense—Waiver—Fails Because Derecktor's Claims Arise From Separate Transactions That Do Not Involve The Issues In Anodyne's State Court Lawsuit ............................ 13

CONCLUSION........................................................................................................................14

CERTIFICATE OF SERVICE ................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................... 4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. ...................................................................................................................... 4

*Briggs v. Est. of Geelhoed By & Through Johnson*,
    543 So. 2d 332 (Fla. Dist. Ct. App. 1989) ................................................................ 12

*Ceithaml v. Celebrity Cruises, Inc.*,
    207 F. Supp. 3d 1345 (S.D. Fla. 2016) ....................................................................... 6

*Dantzler, Inc. v. PNC Bank, Nat. Ass'n*,
    946 F. Supp. 2d 1344 (S.D. Fla. 2013) ..................................................................... 12

*Fla. Beauty Flora, Inc. v. Evergreen Fresh Farms, Inc.*,
    2018 WL 801599 (S.D. Fla. Feb. 08, 2018) ............................................................... 5

*Francois v. Hatami*,
    565 F. Supp. 3d 1259 (S.D. Fla. 2021) .............................................................. 5, 6, 7

*Garfield v. NDC Health Corp.*,
    466 F.3d 1255 (11th Cir. 2006) .................................................................................. 6

*Gayou v. Celebrity Cruises, Inc.*,
    2012 WL 2049431 (S.D. Fla. June 05, 2012) ............................................................ 7

*Geter v. Galardi S. Enterprises, Inc.*,
    43 F. Supp. 3d 1322 (S.D. Fla. 2014) ......................................................................... 4

*Griffin Indus., Inc. v. Irvin*,
    496 F.3d 1189 (11th Cir. 2007) .................................................................................. 4

*Hobirn, Inc. v. Aerotek, Inc.*,
    787 F. Supp. 2d 1298 (S.D. Fla. 2011) ..................................................................... 11

*Holguin v. Celebrity Cruises, Inc.*,
    2010 WL 1837808 (S.D. Fla. May 04, 2010) ............................................................ 7

*Infante v. Bank of Am. Corp.*,
    680 F. Supp. 2d 1298 (S.D. Fla. 2009) ..................................................................... 10

*Jacksonville Paper Co. v. Smith & Winchester Mfg. Co.*,
  147 Fla. 311, 2 So. 2d 890 (1941) ................................................................................. 8

*Jean v. Onewest Bank, N.A.*,
  2015 WL 13777042 (S.D. Fla. July 06, 2015) ......................................................... 11, 12

*Kellogg v. Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A.*,
  807 So. 2d 669 (Fla. Dist. Ct. App. 2001) ................................................................... 11

*McLaren v. Celebrity Cruises, Inc.*,
  2012 WL 1792632 (S.D. Fla. May 16, 2012) ............................................................... 7

*Morchem Indus., Inc. v. Rockin Essentials LLC*,
  2021 WL 5014105 (S.D. Fla. June 16, 2021) ............................................................... 9

*Oxford Asset Mgmt., Ltd. v. Jaharis*,
  297 F.3d 1182 (11th Cir. 2002) ..................................................................................... 4

*Pettinelli v. Danzig*,
  722 F.2d 706 (11th Cir. 1984) ....................................................................................... 8

*Pielage v. McConnell*,
  516 F.3d 1282 (11th Cir. 2008) ..................................................................................... 4

*Shaprio v. UNUM Life Ins. Co. of Am.*,
  2019 BL 226453 (S.D. Fla. June 18, 2019) ................................................................... 7

*Speaker v. US Dept. of Health & Human Servs. CDC & Prevention*,
  623 F.3d 1371 (11th Cir. 2010) ..................................................................................... 2

*Strack v. Fred Rawn Constr., Inc.*,
  908 So.2d 563 (Fla. 4th DCA 2005) ............................................................................ 10

*Thompson v. Carnival Corp.*,
  2021 WL 7542956 (S.D. Fla. May 24, 2021) ............................................................... 5

*Venus Lines Agency, Inc. v. CVG Int'l Am., Inc.*,
  234 F.3d 1225 (11th Cir. 2000) ................................................................................... 11

*Watts v. Fla. Int'l Univ.*,
  495 F.3d 1289 (11th Cir. 2007) ..................................................................................... 4

**Statutes**

§ 95.11(2), Fla. Stat. ........................................................................................................... 12

§ 83.07, Fla. Stat ............................................................................................................... 4

**Rules**

Fed. R. Civ. P. 9(b) ................................................................................................... 5, 6, 7

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 4

Fed. R. Civ. P. 12(f) ......................................................................................................... 5

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Counterclaim Defendant Derecktor Florida, Inc. ("Derecktor") hereby moves the Court to dismiss Counterclaim Plaintiff M.V. Anodyne, LLC's ("Anodyne") Counterclaim Count II—Common Law Fraud and Deceit. Derecktor seeks dismissal of Anodyne's second counterclaim because Anodyne does not and cannot, as a matter of law, allege the required elements of common law fraud and deceit, specifically that Derecktor knowingly and intentionally misrepresented its acceptance to Anodyne's "offer to pay all past due rents and future rents at the $15,000 per month rate" to induce Anodyne to pay $182,160 to Derecktor during an arm's length negotiation.

Pursuant to Federal Rule of Civil Procedure 12(f), Derecktor also moves the Court to strike Anodyne's First Affirmative Defense (Compulsory Counterclaim), Second Affirmative Defense (Laches), and Third Affirmative Defense (Waiver). The first and third affirmative defenses should be stricken because, as a matter of law, the transactions and occurrences of this action are separate and distinct from the transactions and occurrences of Anodyne's state court lawsuit against Derecktor for breach of contract concerning a failed yacht refit and reconstruction project. The second affirmative defense should be stricken because, on its face, the statute of limitations has not run on Derecktor's breach of contract claims.

**INTRODUCTION**

In this action, Derecktor is simply seeking to recover past due rent for a vessel that Anodyne abandoned in one of Derecktor's premier repair bay. Derecktor's Amended Complaint asserts claims against Anodyne for breaches of contract, use and occupancy, and unjust enrichment.

In response, Anodyne brought various counterclaims, including common law fraud and deceit concerning a failed negotiation between the parties to resolve past due rent and removal of the vessel from Derecktor's premises. Anodyne's claim for fraud and deceit, which relies on vague,

conclusory, and formulaic assertions, fails to satisfy the heightened pleading standard. Moreover, the claim fails as a matter of law, because it is based on alleged misrepresentations of opposing counsel during arm's length negotiations when Anodyne was represented by its own counsel and was aware that the parties were adverse to each other in the negotiation. While Derecktor strongly disputes these allegations, the claim fails as a matter of law even accepting them as true solely for purposes of this motion. The claim for fraud and deceit should be dismissed with prejudice.

In addition, Anodyne asserted various affirmative defenses, including compulsory counterclaim, laches, and waiver. As a matter of law, Anodyne's compulsory counterclaim and waiver arguments fail because a claim cannot be compulsory if it did not exist at the time the answer was served. This case plainly concerns Anodyne's failure to pay rents and continued occupancy of Derecktor's repair bay beginning mid-way through 2022, while Anodyne's state court lawsuit concerns a failed yacht repair project from October 19, 2015, through August 13, 2019. Further, Anodyne's laches affirmative defense fails as a matter of law because, based on Anodyne's own allegations, the five-year statute of limitations has not run on Derecktor's breach of contract claims. These legally deficient affirmative defenses should be stricken.

## FACTUAL ALLEGATIONS

The following alleged facts from Anodyne's counterclaim and supporting materials are accepted as true solely for the purposes of this motion. *Speaker v. US Dept. of Health & Human Servs. CDC & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

On or about July 1, 2020, Anodyne and Derecktor entered into a Commercial Lease (the "Lease") for certain premises described as the East interior portion (bay) of the North building located at 775 Taylor Lane, Dania Florida. *See* Counterclaim. ¶ 6. The premises were to be used to house the M/V Anodyne, upon which work had been suspended in August of 2019. *See*

Counterclaim Ex. 1, ¶ 1. The initial term of the Lease was for 3 months commencing on July 1, 2020, and it terminated on September 30, 2020. *See id.* ¶ 2. Anodyne could renew the Lease for additional 3-month terms until either party terminated the Lease in accordance with paragraph 14 of the Lease. *See id.* Rent was $45,000 for each 3-month term plus applicable Florida sales taxes and was due in advance of the first day of each lease term. *See id.* ¶ 3. To terminate, Derecktor was required to provide 90 days of written notice to Anodyne. *See id.* ¶ 14. Anodyne had the right to terminate with 30 days of written notice if its lease payments were current at the time of termination. *See id.*

In August 2022, Derecktor sent a letter to Anodyne's counsel titled "90 Day Notice" that stated in relevant part[1]:

> It has become necessary to increase the rental amounts for M.V. Anodyne, LLC. This ninety (90) day notice serves as the required notice per Section 14 of the June 2020 Commercial Lease Agreement.
>
> The increase in rent will be $40,000.00 and the new rental amount will be $55,000.00 per month. The new rental amount will begin on December 1, 2022.
>
> The term of the lease will continue for three (3) months commencing on the 1st day of December 2022 and shall terminate on the 28th day of February 2023. The lease can be renewed for an additional three (3) months until either party terminates the lease.

Anodyne claims it understood this to mean that Derecktor was attempting to unilaterally modify the Lease and rejected Derecktor's offer to enter a new lease.

Thereafter in May 2023, Anodyne claims Derecktor agreed, through its counsel, to accept all past due rents and rent for future months at $15,000 per month on a month-to-month basis.

---

[1] This letter is attached to Derecktor's complaint as Exhibit C, is referenced in Anodyne's counterclaim, and thus is properly considered in Derecktor's motion to dismiss. *See* Rule 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes").

3

Counterclaim ¶ 17. (Derecktor strongly contests the allegation that it accepted Anodyne's offer—which is demonstrably false—and accepts it as true only for purposes of this motion.) Anodyne further alleges that, in reliance on this alleged representation of counsel, in July 2023, it paid $182,160.000 in rent to Derecktor. *See id.* ¶ 18.

On January 31, 2024, Derecktor issued a "30 Day Notice of Termination" terminating the Lease. *See id.* ¶ 19. On March 30, 2024, Derecktor brought a maritime lien and maritime trespass claim against Anodyne in the U.S. District Court for the Southern District Court of Florida. *See id.* ¶ 20. On April 29, 2024, Derecktor amended its complaint and added claims for breach of a maritime dockage agreement, preferred maritime lien, breach of contract, trespass, and unjust enrichment. *See id.*

On January 24, 2025, the Court granted in part Anodyne's motion to dismiss Derecktor's amended complaint and gave Derecktor leave to file a second amended complaint. *See* Docket No. 49. On February 3, 2025, Derecktor filed its Second Amended Complaint against Anodyne alleging breach of contract, violations of Florida Statute § 83.07, and unjust enrichment. *See* Docket No. 54. On February 18, 2025, Anodyne filed its Counterclaim alleging breach of contract and common law fraud and deceit. *See* Docket No. 56.

## LEGAL STANDARD

### I. Rule 12(b)(6) Motion to Dismiss

"A motion to dismiss a counterclaim pursuant to Rule 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Geter v. Galardi S. Enterprises, Inc.*, 43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014). Rule 12(b)(6) permits a court to dismiss a complaint for failing to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal

4

quotation marks omitted). The court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 184 (11th Cir. 2008). But the court's duty to accept the factual allegations in the complaint as true does not require it to ignore specific factual details "in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007).

A complaint must maintain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). "In analyzing the sufficiency of the complaint, [the court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Fla. Beauty Flora, Inc. v. Evergreen Fresh Farms, Inc.*, 2018 WL 801599, at *3 (S.D. Fla. Feb. 08, 2018).

**II.     Rule 12(f) Motion to Strike**

A party may move to strike pursuant to Rule 12(f) "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *Thompson v. Carnival Corp.*, 2021 WL 7542956, at *1 (S.D. Fla. May 24, 2021). "Thus, affirmative defenses are pleadings, and as a result, must comply with all the same pleading requirements applicable to complaints." *Id.* at *1-2 (internal citations omitted). "Affirmative defenses will be stricken if they fail to recite more than bare-bones conclusory allegations." *Id.* at 2. "An affirmative defense may also be stricken as

insufficient if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Id.*

## ARGUMENT

I. **Anodyne's Fraud Counterclaim Fails To Meet The Heightened Pleading Standard of Federal Rule of Civil Procedure 9(b), and Fails As a Matter of Law**

Anodyne failed to plead its common law fraud counterclaim with the particularity required by Rule 9(b), and also fails as a matter of law because Anodyne cannot establish justifiable reliance.

    A. **Anodyne Has Not Pled Its Fraud Counterclaim With The Required Particularity**

Federal Rule of Civil Procedure 9(b) requires fraud allegations to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), "the complaint needs to identify the precise statements, documents, or misrepresentations made; the time and place of, and the persons responsible for the alleged statements; the content and way the statements misled the plaintiff; and what the defendant gained through the alleged fraud." *Francois v. Hatami*, 565 F. Supp. 3d 1259, 1265 (S.D. Fla. 2021) (internal citations and quotations omitted). The Rule's "particularity" requirement cannot be satisfied by "conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud." *Id.* Stated succinctly, a viable fraud claim "must set forth particular allegations about the who, what, when, where, and how of the fraud." *Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1353 (S.D. Fla. 2016) (citing *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)).

The second counterclaim alleges two instances of allegedly fraudulent statements. Each fails to meet the Rule 9(b) particularity requirement. ***First,*** Anodyne vaguely alleges that Derecktor "through its counsel" made a fraudulent misrepresentation about increasing rents "in August of

2022." Counterclaim ¶¶ 34–36. These generalized contentions fail to allege any "precise" statements or documents, much less the time and place of any alleged misrepresentations or the persons responsible, sufficient to provide Derecktor with notice of the allegations against it. *See Francois*, 565 F. Supp. 3d at 1265. This alone is fatal to the defective fraud and deceit claim. Similarly, in *Ceithmal*, the Court dismissed the plaintiff's fraud claim because she failed to "identify the precise statements that [defendant] made to her" and instead claimed "merely that the personnel confirmed" the allegedly fraudulent statement. 207 F. Supp. 3d at 1353; *see also Francois*, 565 F. Supp. 3d at 1267 (dismissing fraud in the inducement claim because the "contentions fail to allege 'precisely' the 'content' of the statements that the Plaintiff alleges were made").

In this case, Anodyne also failed to identify the precise content of the statements it claims Derecktor made. It merely states "Derecktor represented that this increase was consistent with the provisions of the commercial lease for the property." Counterclaim ¶ 35. Anodyne then uses the conclusory statement "[t]his representation was false as the lease provisions could only be modified by written agreement by the parties" as support for this vague, unparticularized allegation of fraud. *Id.* Anodyne's failure to identify precise fraudulent statements, who allegedly made them, and when they were allegedly made is a basis for dismissal. *See Shaprio v. UNUM Life Ins. Co. of Am.*, 2019 BL 226453, at *5 (S.D. Fla. June 18, 2019) (dismissing Plaintiff's fraud claim because "Plaintiff has not alleged precisely what false statements or representations were made with the requisite particularly."). On these independent grounds, the second counterclaim should be dismissed.

**Second,** Anodyne alleges that, on May 9, 2023, "Derecktor through its counsel" agreed to accept back rent payments and future rent payments at the rate of $15,000.00 per month.

7

Counterclaim ¶ 38. Anodyne again fails to plead any facts that give rise to an inference of fraud, because it does not identify the time or place of any allegedly fraudulent statement. This particularity is necessary to "protect[] defendants against baseless charges of fraudulent behavior," and failure to provide it is grounds for dismissal. *Holguin v. Celebrity Cruises, Inc.*, 2010 WL 1837808, at *2 (S.D. Fla. May 04, 2010) (dismissing misrepresentation claim for failure to plead with particularity).

Courts routinely dismiss fraud claims for failure to plead when and where a fraudulent statement was allegedly made. *See, e.g.*, *McLaren v. Celebrity Cruises, Inc.*, 2012 WL 1792632, at *12 (S.D. Fla. May 16, 2012) (dismissing plaintiff's complaint because she "failed to allege with particularity *when* each of the alleged misrepresentations was made") (emphasis in original); *Gayou v. Celebrity Cruises, Inc.*, 2012 WL 2049431, at *7-8 (S.D. Fla. June 5, 2012) (same). Anodyne's attempt to establish its fraud claim through the conclusory allegation that "this representation was false when made and was made with the intent that Anodyne would rely upon same and make payment to Derecktor" (Counterclaim ¶ 39) is patently insufficient under Rule 9(b). *See Francois*, 565 F. Supp. 3d at 1265.

For these independent reasons, Anodyne's second counterclaim should be dismissed.

### B. Anodyne's Fraud Claim Fails Because It Cannot Establish That It Justifiably Relied On Derecktor

Anodyne's counterclaim should be dismissed for an additional, independent reason. It fails because Anodyne's alleged reliance on the representation of counsel could not, as a matter of law, have been justified when the parties were already in an adversarial position. Under Florida law, "adverse parties negotiating a settlement agreement in an attempt to avoid litigation cannot rely upon the representations of one another." *Moriber v. Dreiling*, 194 So. 3d 369, 374 (Fla. 3d DCA 2016) (internal citations omitted) (rejecting claim by daughter that she was fraudulently induced

8

to enter a settlement with her mother, with whom she had an adversarial relationship, based on misrepresentations by her mother and her mother's attorneys, because the daughter "could not, as a matter of law, rely upon such misrepresentations," due to the "hostile relationship at the time of [the daughter's] alleged reliance")).

Applying Florida law, the Eleventh Circuit has similarly held that a party cannot make a *prima facie* showing of fraud when it relies on the representations of opposing counsel where, as is the case here, "[f]rom the beginning of the negotiations it was clear that the parties were in an adversarial relationship." *Pettinelli v. Danzig*, 722 F.2d 706, 710 (11th Cir. 1984) (internal citations omitted). Because the alleged representations that Anodyne asserts were fraudulent were allegedly made once the parties were already in an adversarial position, Anodyne's alleged reliance on the supposed representation when it made the rent payment was not justified as a matter of law. Anodyne's allegations make it clear that the parties were already in an adversarial posture because they were negotiating at arm's length through their respective counsel. *See* Counterclaim ¶¶ 38–42. To be clear, Derecktor strongly disputes the alleged representations (which are demonstrably false), but regardless, the claim fails because, as a matter of law, these statements cannot form the basis of Anodyne's fraud claim. *See Moriber*, 194 So. 3d at 373-75; *Pettinelli*, 722 F.2d at 710.

Moreover, the Counterclaim repeatedly alleges that Derecktor "through its counsel" falsely advised Anodyne in negotiations about rent, (Counterclaim ¶¶ 34–35), and that Anodyne "reasonably relied" on the representations of Derecktor's counsel in those arm's length negotiations. *See* Counterclaim ¶¶ 40, 43. This is precisely the type of allegation the Eleventh Circuit has determined to be unjustified because Anodyne knew the parties were negotiating through counsel and at arm's length. *Id.* Anodyne cannot make a prima facie showing of fraud in

9

the inducement based on these allegations and for this independent reason, Anodyne's second counterclaim should be dismissed.

### C. Anodyne Has Not Established Any Element Of Its Common Law Fraud Counterclaim

Under Florida law, the elements for common law fraud are: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Morchem Indus., Inc. v. Rockin Essentials LLC*, 2021 WL 5014105, at *9 (S.D. Fla. June 16, 2021). Anodyne's Complaint lacks the facts to plausibly allege these required elements. Failure to establish each element is fatal to its fraud claims and its second counterclaim should be dismissed. *See Infante v. Bank of Am. Corp.*, 680 F. Supp. 2d 1298, 1303 (S.D. Fla. 2009), *aff'd*, 468 Fed. Appx. 918 (11th Cir. 2012) (citing *Strack v. Fred Rawn Constr., Inc.*, 908 So.2d 563, 565 (Fla. 4th DCA 2005) (dismissing fraud claim stating "[f]ailure to allege a specific element of fraud in a complaint is fatal when challenged by a motion to dismiss").

Anodyne has not satisfied a single element of its fraud claim. As a threshold matter, Anodyne failed to allege that any false statement by either Derecktor or its counsel was of a material fact. In *Morchem*, the Court dismissed plaintiff's common law fraud claim because "although the representation…may have been a material fact, the Complaint does not explicitly state that it was." 2021 WL 5014105, at *7. Likewise, Anodyne's Counterclaim also fails to explicitly state that Derecktor's allegedly fraudulent statement was material. *See* Counterclaim ¶¶ 38-44. The absence of this threshold requirement warrants dismissal. Second, Anodyne fails to allege any facts to establish who at Derecktor or its counsel deliberately and knowingly made a misrepresentation designed to cause detrimental reliance by Anodyne. Third, Anodyne fails to

allege any facts that establish any intention by Derecktor to induce Anodyne to act. Instead, Anodyne relies on the conclusory assertion that "[u]nfortunately this representation was false when made and was made with the intent that Anodyne would rely upon same and make payment to Derecktor." Counterclaim ¶ 39. Fourth, Anodyne fails to allege any facts that show that it was injured as a result of its acts in reliance on either Derecktor's alleged representations. In support, Anodyne relies on the conclusory and formulaic assertion that "[a]s a result of the misrepresentation by Derecktor, Defendant / Counter Claimant Anodyne has been and continues to be damaged including being forced to defend itself in a fraudulent litigation and has barred individuals from inspecting the vessel." Counterclaim ¶ 44. This assertion crucially omits any facts as to how Anodyne has suffered as a result of its alleged reliance on any particularized statement.

For these separate and independent reasons, Anodyne's second counterclaim should be dismissed.

## II. Three of Anodyne's Affirmative Defenses Should Be Stricken

In Anodyne's Answer to Derecktor's Second Amended Complaint, it states 14 affirmative defenses. Derecktor moves to strike three of them, which fail as a matter of law: compulsory counterclaim, laches, and waiver.

### A. Anodyne's First Affirmative Defense—Compulsory Counterclaim—Fails Because Derecktor's Claims Arise From Separate Transactions That Do Not Involve The Issues In Anodyne's State Court Lawsuit

Anodyne's first affirmative defense is that Derecktor's lawsuit against it is a compulsory counterclaim to the action pending between the parties in Florida's 17th Judicial District Court. *See* Anodyne's Defenses and Affirmative Defenses ¶ 1. "State law governs whether the failure to bring a compulsory counterclaim in a prior state court proceeding bars a subsequent federal diversity action on that claim." *Hobirn, Inc. v. Aerotek, Inc.*, 787 F. Supp. 2d 1298, 1302 (S.D. Fla. 2011) (internal citations omitted). In Florida, a claim cannot be compulsory if it did not exist at

the time the answer was served. *See Kellogg v. Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A.*, 807 So. 2d 669, 672 (Fla. Dist. Ct. App. 2001).

Here, Anodyne filed its state court action against Derecktor in August 2020. *See* Counterclaim ¶ 13. The issues in that case concern a failed vessel refit and reconstruction project. Derecktor served its Answer to Anodyne's complaint on December 19, 2021. *See* Ex. C, "Derecktor's Answer in State Court Action". The instant action concerns Anodyne's failure to pay under its lease agreement after June 2022. *See* Derecktor's 2nd Amend. Compl. ¶ 34. As such, Derecktor's claims against Anodyne did not even exist until at least 6 months *after* Derecktor served its answer. Under Florida law, these claims cannot be compulsory, and this defense should be stricken. *See Jean v. Onewest Bank, N.A*., 2015 WL 13777042, at * 2 (S.D. Fla. July 06, 2015) (striking compulsory counterclaim affirmative defense having previously ruled that plaintiff's counterclaim did not accrue until long after deadline for his answer was due in the related matter).

**B.  Anodyne's Second Affirmative Defense--Laches—Fails Because Anodyne's Allegations Show that the Statute of Limitations Has Not Lapsed**

Anodyne's second affirmative defense is laches. *See* Anodyne's Defenses and Affirmative Defenses ¶ 2.

"The elements of laches are '(1) a delay in asserting a right or a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted.'" *Id.* (citing *Venus Lines Agency, Inc. v. CVG Int'l Am., Inc.*, 234 F.3d 1225, 1230 (11th Cir. 2000). When pleading this affirmative defense, Anodyne neglected to explain that the *Venus* Court further observed that "courts use statutes of limitations periods in applying laches." 234 F.3d at 1230. *See also Briggs v. Est. of Geelhoed By & Through Johnson*, 543 So. 2d 332, 333 (Fla. Dist. Ct. App. 1989) ("It has generally been held that laches does not come into play until the period prescribed by the applicable statute of limitations has expired."). The statute of limitations

12

for legal action on a contract founded on a written instrument is five years. *See* Fla. Stat. § 95.11(2). Here, on the face of the pleadings, Derecktor's action against Anodyne accrued in June 2022, and the statute of limitations will not run until June 2027. Moreover, Anodyne has failed to allege more than "bare-bones conclusory allegations" of undue prejudice. Accordingly, its laches defense should be stricken.

### C. Anodyne's Third Affirmative Defense—Waiver—Fails Because Derecktor's Claims Are Not Compulsory Counterclaims to Anodyne's State Court Lawsuit

Anodyne's third affirmative defense is waiver. It is also premised on the incorrect assertion that Derecktor's lawsuit against it is a compulsory counterclaim, and thus it also fails as a matter of law. *See* Anodyne's Defenses and Affirmative Defenses ¶ 3.

"The elements of waiver are: (1) the existence at the time of the waiver of a right, privilege, advantage, or benefit [that] may be waived; (2) the actual or constructive knowledge of the right; and (3) the intention to relinquish the right." *Id.* at ¶ 3 (citing *Dantzler, Inc. v. PNC Bank, Nat. Ass'n*, 946 F. Supp. 2d 1344, 1367 (S.D. Fla. 2013)). Anodyne claims that when it breached the 2020 Commercial Lease, Derecktor knew "of its right to assert a cause of action in the pending state action and intentionally and deliberately failed to do so." *Id.* But again, as stated in Section II.A., *supra*, Anodyne did not breach until mid-2022, long after Derecktor's answer in the pending state action was served. The transactions and occurrences of this action are separate and distinct from the state court action brought in 2020. By definition, this action is not a compulsory counterclaim to the state action. *Jean*, 2015 WL 13777042 at * 2. Thus, Anodyne cannot base a waiver argument on this false assertion, and this defense should be stricken.

13

## CONCLUSION

For the reasons discussed above, Derecktor respectfully requests the Court grant the Motion and dismiss Anodyne's counterclaim and strike Anodyne's affirmative defenses of compulsory counterclaim, laches, and waiver.

Dated: March 11, 2025                         Respectfully submitted,

                                              By:    /s/ Corey P. Gray

| | |
|---|---|
| Marshall Dore Louis, Esq. | Stuart H. Singer, Esq. |
| (Florida Bar No. 512680) | (Florida Bar No. 377325) |
| **BOIES SCHILLER FLEXNER LLP** | LTC Corey P. Gray, Esq. |
| Bank of America Tower | (Florida Bar No. 0115473) |
| 100 Southeast 2nd Street | Sara L. Murray, Esq. |
| Suite 2800 | (Florida Bar No. 1049687) |
| Miami, Florida 33131 | **BOIES SCHILLER FLEXNER LLP** |
| Telephone: (305) 539-8400 | 401 East Las Olas Blvd., Suite 1200 |
| Facsimile: (305) 539-1307 | Fort Lauderdale, Florida 33301 |
| mlouis@bsfllp.com | Telephone: (954) 356-0011 |
| | Facsimile: (954) 356-0022 |
| | ssinger@bsfllp.com |
| | cgray@bsfllp.com |
| | smurray@bsfllp.com |
| | ftleserve@bsfllp.com |
| | *Counsel for Derecktor-Gunnell, Inc.* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 11, 2025, a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF, which will serve a Notice of Electronic Filing on all counsel of record listed in the below Service List.

By: */s/ Corey P. Gray*
LTC Corey P. Gray, Esq.

## SERVICE LIST

Christopher R. Fertig, Esq.
Darlene Lidondici, Esq.
John H. Wilbur III, Esq.
200 SE 13th St.
Ft. Lauderdale, FL 33316
Telephone: (954) 763-5020
Facsimile: (954) 763-5412
crf@fertig.com
dml@fertig.com
john.wilbur@fertig.com
fertigservice@fertig.com

*Counsel for Plaintiff M.V. Anodyne, LLC*