UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-60395-SINGHAL/STRAUSS

**DERECKTOR FLORIDA, INC.,**

    Plaintiff,
v.

**M/V ANODYNE, and
M.V. ANODYNE, LLC,**

    Defendants.
_____/

## **DISCOVERY ORDER**

**THIS MATTER** came before the Court for a hearing on April 10, 2025, upon Plaintiff's *Ore Tenus* Motion to Compel ("Motion") the deposition of Charles Scripps, Jr. [DE 69]. For the reasons stated below and on the record at the hearing, it is **ORDERED** and **ADJUDGED** that the Motion is **GRANTED**.

On March 18, 2025, Plaintiff noticed the deposition of Charles Scripps, Jr. ("Scripps") for April 1, 2025, by sending a notice to counsel for Defendant M.V. Anodyne ("Anodyne"). *See* [DE 66–2]. Along with the notice, Plaintiff also sent Anodyne a subpoena for Scripps' deposition. Scripps did not appear for his noticed deposition. At the discovery hearing, Anodyne argued that the notice to depose Scripps was insufficient because Plaintiff needed to serve Scripps with a subpoena as he was a non-party. Anodyne further asserted that Anodyne's counsel does not represent Scripps in his individual capacity and therefore could not accept service for him. Scripps, however, is (as Anodyne admitted) Anodyne's managing agent.

"It is well established that an officer, director, or 'managing agent' of a corporate party may be compelled to give testimony pursuant to a notice of deposition, without need for a

subpoena." *Exim Brickell, LLC v. Bariven, S.A.*, No. 09-20915-CIV, 2010 WL 11465462, at *1 (S.D. Fla. May 19, 2010); *see also Brunson v. PHH Mortg. Corp.*, 342 F.R.D. 315, 320 (M.D. Fla. 2022). Plaintiff adequately noticed Scripps' deposition, and Scripps has not articulated a valid justification for failing to appear. Therefore, the Court directs Scripps to sit for a deposition by **April 18, 2025** on a date of Plaintiff's choosing.[1]

Additonally, Federal Rule of Civil Procedure 37(d)(1)(A)(i) states that on motion, a court may order sanctions if "a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). At the discovery hearing, Plainitff moved for sanctions against Anodyne, requesting that Anodyne pay for the court reporter's fee for the day Scripps failed to appear at his deposition. Because Scripps did not move for a protective order or otherwise seek court intervention prior to the noticed deposition, I agree that this is an appropriate sanction.[2] Therefore, Anodyne shall reimburse Plaintiff for the court reporter's fee owed for the April 1 deposition (or pay the court reporter directly, if Plaintiff has not yet paid that fee).

**DONE** and **ORDERED** in Fort Lauderdale, Florida, this 10th day of April 2025.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

---

[1] The Court again reminds the parties that this should be a collaborative effort and occur at a date and time not already reserved for other scheduled depositions.

[2] At the hearing, Anodyne's counsel also agreed to this sanction.